IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


DONNA ATKINS                                                                                                PLAINTIFF

vs.                                            Civil No. 1:08-cv-1061

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

**BEFORE** the Court is Defendant's Motion to Remand. (Doc. No. 5).[1] The Plaintiff has not responded to this Motion. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4). The Court, having reviewed the motion, finds Defendant's Motion To Remand should be **GRANTED**.

**Background:**

Defendant moves this Court to remand this case for further administrative action. Defendant states the Appeals Council wishes to take further administrative action pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. 405(g), which provides:

> "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . ."

The Defendant states remand under sentence six is appropriate because the Appeals Council cannot produce a Certified Administrative Record from Plaintiff's incomplete file because it contains

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

evidence belonging to a person other than Plaintiff, which the Administrative Law Judge (ALJ) considered and admitted into the record. Defendant states that preparation of a Certified Administrative Record, which includes evidence belonging to another individual, would violate the Commissioner's policy for protecting Personally Identifiable Information.

**Discussion:**

The joint conference committee of Congress, in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act), stated in some cases procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Commissioner. The agreement of the joint conference committee was that such procedural defects be considered "good cause" for remand. The committee stated:

> "Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts may review under 205(g) of the Act."

*See*, H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980). I find good cause exists for remand and this matter should be remanded so the administrative record can be prepared.

**Conclusion:**

Based upon the forgoing, Defendant's Motion To Remand is **GRANTED**, and this case is remanded to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g). Upon receipt of this order, the Appeals Council shall remand this case to an ALJ so the evidence belonging to an individual other than Plaintiff can be removed from the record and the ALJ shall re-adjudicate the case without considering this evidence. The Appeals Council shall direct the ALJ to offer Plaintiff an opportunity to appear at a supplemental hearing, obtain

supplemental evidence form a vocational expert, and receive any additional evidence and/or argument Plaintiff's attorney wishes to add to the record. After these actions, the ALJ shall issue a new decision.

**ENTERED** this **7th day of October, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE